IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-223 T

(Judge Charles F. Lettow)

CURTIS L. IVEY and DORIS W. IVEY,

Plaintiffs

v.

THE UNITED STATES,

Defendant.

JOINT STATUS REPORT, JOINT MOTION FOR ENLARGEMENT OF TIME FOR DEFENDANT'S ANSWER and PROPOSAL

Pursuant to the August 9, 2007, telephonic status conference with the Court and pursuant to the Court's Orders dated April 19, 2005, and August 24, 2006, the parties provide the following status report and a proposal regarding this case and/or *Charles M. Schnepp and Harriett A. Schnepp v. United States,* Fed. Cl. No. 04-1709 T, *Walter S. Roberts and Patricia J. Roberts v. United States,* Fed. Cl. No. 05-564 T, and/or *Jerome C. Jewell v. United States*, Fed. Cl. No. 06-228 T.

**I. JOINT STATUS REPORT**

1. As represented during the August 9, 2007, telephonic status conference with the Court, the plaintiffs still intend to voluntarily dismiss this case pursuant to RCFC 41(a)(1)(i). Plaintiffs' counsel represents that she has not filed the voluntary dismissal, because she has not been able to contact her clients about the matter and wishes to do so, before dismissing the case.

2. With respect to this case and/or *Charles M. Schnepp and Harriett A. Schnepp v. United States,* Fed. Cl. No. 04-1709 T, *Walter S. Roberts and Patricia J. Roberts v. United States,* Fed. Cl. No. 05-564 T, *Lawrence R. McCann and Cecil McCann v. United States*, Fed. Cl. No. 06-216 T, *Jerome C. Jewell v. United States*, Fed. Cl. No. 06-228 T, or *James H. Epps and Arbelia Epps v. United States*, Fed. Cl. No. 06-615 T, this status report also provides updates on: *Ronald C. Prati and Mary G. Prati v. United States,* Fed. Cl. No. 02-60 T; *Kenneth C. Keener v. United States,* Fed. Cl. No. 03-2028 T; *William P. Smith, Jr. and Anne D. Smith v. United States,* Fed. Cl. No. 04-907 T; *Donald L. Dismore and Bettye G. Dismore v. United States*, Fed. Cl. No. 04-1787 T; and *John F. and Pamela F. Hinck v. United States,* Fed. Cl. No. 03-865 T.

3. On October 8, 2004, the Court heard oral argument in *Isler, Scuteri,* and *Prati*. The United States filed an additional motion for partial dismissal in *Isler* on December 12, 2005, in *Scuteri* on February 3, 2006, and in *Prati* on June 2, 2006. Plaintiffs filed their responses in *Isler* and *Scuteri* on July 17, 2006, and their response in *Prati* on July 18, 2006. The United States filed its replies on August 28, 2006. On September 29, 2006, defendant filed an additional/alternative ground in support of its motion for partial dismissal in all three cases. Plaintiffs filed their responses on November 13, 2006, and the United States filed its replies on November 30, 2006. The Court held oral argument on all pending motions on May 1, 2007. Plaintiffs filed their post oral argument supplemental briefs on July 5, 2007.

4. On May 21, 2007, the Supreme Court affirmed the Federal Circuit's decision in *Hinck v. United States*, 446 F.3d 1307 (Fed. Cir. 2006). *See Hinck v. United States*, 127 S.Ct. 2011 (2007). Both courts held that 26 U.S.C. § 6404(h) grants exclusive subject matter

jurisdiction to the Tax Court to review the IRS's denials of interest abatement, and therefore the Court of Federal Claims lacks subject matter jurisdiction to do the same. Under the Supreme Court's and Federal Circuit's decisions, the Court lacks subject matter jurisdiction over the interest abatement claims in *Lawrence R. McCann and Cecil McCann v. United States*, Fed. Cl. No. 06-216 T, and *James H. Epps and Arbelia Epps v. United States*, Fed. Cl. No. 06-615 T. Accordingly, the Court should dismiss those interest abatement claims (but not the other claims in those cases).

5. On April 18, 2007, Judge Allegra issued an opinion in *Keener* and *Smith*, granting defendant's partial motion to dismiss for lack of jurisdiction taxpayer's period of limitations and tax motivated interest claims. Under the decision, the Court lacks subject matter jurisdiction over the period of limitations and tax motivated interest claims in *McCann* and *Epps*.

Final judgments entered on August 17, 2007. Plaintiffs' attorneys intend to appeal the decision to the Federal Circuit. Accordingly, the parties propose the Court wait until final appellate action, before dismissing the period of limitation and tax motivated interest claims in *McCann* and *Epps*.

6. In *Dismore*, the United States filed a motion to dismiss one of plaintiffs' two claims on January 6, 2006. Plaintiffs filed their response on March 7, 2006, and the United States filed its reply on March 28, 2006. Oral argument was held on the motion on June 9, 2006. The parties submitted post-oral argument supplemental briefs on July 14, 2006. Plaintiffs filed a motion to amend their complaint on July 14, 2006, which the Court granted, thereby mooting the briefing and argument. On December 1, 2006, discovery on plaintiffs' remaining claim was stayed and a summary judgment briefing scheduled entered. Defendant filed its motion for

summary judgment on March 30, 2007. On May 29, 2007, the Court ordered plaintiffs' response be filed on or before June 12, 2007, or plaintiffs' case would be dismissed for lack of prosecution. No response was filed. On June 14, 2007, defendant moved the Court to rule on the merits of its summary judgment motion, rather than dismiss the case.

## II. JOINT MOTION and PROPOSAL

As noted above, plaintiffs still intend to voluntarily dismiss this case pursuant to RCFC 41(a)(1)(i), once plaintiffs' counsel has been able to discuss the matter with her clients. Accordingly, the parties jointly move the Court for an extension of 21 days, from September 6, 2007, to and including September 27, 2007, for defendant to answer or otherwise respond to the complaint. The parties believe defendant should not be put to the expenditure of resources on an answer or other response, if plaintiffs will voluntarily dismiss the complaint.

Further to the August 9, 2007, telephonic status conference, the parties do not yet have a recommendation regarding which of the other three termination year cases pending before the Court should move forward: *Charles M. Schnepp and Harriett A. Schnepp v. United States,* Fed. Cl. No. 04-1709 T, *Walter S. Roberts and Patricia J. Roberts v. United States,* Fed. Cl. No. 05-564 T, and/or *Jerome C. Jewell v. United States*, Fed. Cl. No. 06-228 T. Plaintiffs' counsel represents that the delay is due, in part, to her attempt to determine whether her clients have or can obtain the tax returns to justify moving forward. Plaintiffs' counsel represents that she has been attempting to determine whether the relevant returns are extant, but has not yet been able to do so fully.

Accordingly, the parties recommend that they file another joint status report, on or before September 14, 2007. If plaintiffs have failed by that date to voluntarily dismiss this case, then

the status report will be filed in this case, note the absence of a dismissal, propose that defendant answer or otherwise respond to the complaint in this case on or before September 27, 2007, and propose that *Schnepp*, *Roberts*, and *Jewell* remain stayed until the final disposition of this case.

If plaintiffs have voluntarily dismissed this case on or before September 14, 2007, then the status report will be filed in the case the parties recommend move forward, either *Schnepp*, *Roberts,* or *Jewell*, and recommend a course for further proceedings.

Finally, for the purpose of conserving the resources of the parties and the Court, defendant states that, similar to *Ivey*, it has asked plaintiffs' attorney of record to consider in a timely manner whether the Court lacks jurisdiction in *Schnepp*, *Roberts*, and *Jewell*, because plaintiffs did not file their refund claims in those cases in a timely manner, and, if plaintiffs' attorney of record concludes that such defect/s exists, to file a voluntary notice of dismissal pursuant to RCFC 41(a)(1)(i).

Defendant's attorneys have authorized plaintiffs' attorney to sign this joint status report and proposal for future proceedings on their behalf.

Respectfully submitted,

| | |
|---|---|
| 8/21/07 | s/Teresa Jean Womack |
| Date | TERESA JEAN WOMACK<br>Redding & Associates, P.C.<br>P.O. Box 924328<br>Houston, Texas 77292-4328<br>(713) 965-9244<br>(713) 621-5227 (fax)<br><br>Attorney for Plaintiffs |
| 8/21/07 | s/Karen Servidea by s/Teresa Jean Womack |
| Date | KAREN SERVIDEA<br>Attorney of Record |

U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6496
(202) 514-9440 (fax)

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

8/21/07 s/Steven I. Frahm by s/Teresa Jean Womack
Date Of Counsel

Attorneys for Defendant